IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JULIAN EZRA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-386-GBW |
| | ) | |
| DR. JOSE CHAPIRO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Juluan Ezra Williams, who is detained at the Delaware Psychiatric Center (DPC) in New Castle, Delaware while awaiting trial on Delaware state criminal charges, filed a complaint *pro se*, alleging federal civil rights violation under 42 U.S.C. § 1983. (D.I. 2.) The complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b). At this early stage of the case, the Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

According to the complaint, Defendants Dr. Jose Chapiro, A. Muhammad, Theresa Davis, and S. White violated Plaintiff's Fifth and Fourteenth Amendment rights at DPC between February 5, 2025 and the present. (D.I. 2 at 2-5.) Defendants are members of Plaintiff's treatment team at DPC and the DPC director. (*Id.* at 5.) The treatment team informed Plaintiff that he had been brought to DPC for competency restoration while awaiting trial, but the team did not show Plaintiff a court order stating such. (*Id.* at 5-6.) Plaintiff does not think he is being housed at DPC for a valid reason, he does not like the environment at DPC, and he does not like the restrictions placed on him at DPC. (*Id.* at 6-7.) Plaintiff seeks "[t]o be released from D.P.C. and request[s] that [Defendants] be brought before [the B]oard and [have their] license[s ]suspended or terminated. [Plaintiff] would also request $1,800.00 per day for being held in servitude or whatever else the [C]ourt deems appropriate." (*Id.* at 8.)

Upon review and consideration, the complaint will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a § 1983 claim. First, the Court affords considerable deference to a providers' medical judgment in treating an inmate or a pretrial detainee's medical condition. *See Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Mere disagreement regarding the appropriate course of treatment or medication does not violate the Eighth or Fourteenth

Amendment. *See Monmouth Cty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346 (3d. Cir. 1987); *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). Additionally, without undermining Plaintiff's claims, the Court must consider that, in the context of confinement, "temporary inconveniences and discomforts incident thereto cannot be regarded as a basis for judicial relief" in a § 1983 suit. *Ford v. Bd. of Managers of New Jersey State Prison*, 407 F.2d 937, 940 (3d Cir. 1969).

Moreover, the claims alleged here involve, and the relief sought would affect, Plaintiff's pending Delaware state criminal proceedings. There is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances," *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982), referred to as the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine applies when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). In this case, Plaintiff is awaiting trial on Delaware criminal charges, and concerns regarding Plaintiff's pretrial detainment for competency restoration both can and should be taken up with the Delaware courts.

Based on the foregoing, it is HEREBY ORDERED:

1. The complaint (D.I. 2) is **DISMISSED** without prejudice pursuant to the *Younger* abstention doctrine or, in the alternative, for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

2. The Clerk of Court is directed to **CLOSE** this case.

                                              The Honorable Gregory B. Williams
                                              United States District Judge

Date: August 1, 2025